THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO BELTRÁN SANTIAGO, Defendant and Appellant.

No. CR-68-199.    Decided March 25, 1969.

*Juan Serrano Pascuali* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was ordered to pay a $100 fine, and also had his driver's license suspended for the term of one year, for driving a motor vehicle under the influence of intoxicating liquor.

In support of the reversal of said sentence, he maintains (1) that the evidence for the prosecution is insufficient considering that the confession of the defendant was inadmissible in evidence, and (2) that assuming that said confession would be valid at law, the same was not corroborated.

We do not agree. When the police officer, Víctor M. Zayas Ortiz, was driving in a police patrol car along the highway that goes from Juana Díaz to Ponce, he noticed that a car had fallen into the ditch on the right side of said highway. He stopped, and as he alighted to investigate the accident, several persons who were there informed him that the driver of the overturned vehicle was in a business nearby, towards which the policeman went. When he found the defendant there, the latter told him that he was the driver of the vehicle which had been overturned. The policeman could notice that the defendant smelled of alcohol and talked incoherently. After warning him about the chemical analysis of the blood or the urine, the defendant submitted to the urine analysis. The result of said analysis was 0.38% by weight of alcohol, the equivalent of 0.30% by weight of alcohol in the blood.

■ The trial court did not err in admitting in evidence the admission of the defendant to the policeman that he was the one driving the vehicle that had overturned. Under the circumstances in which the defendant made the admission the warnings about self-incrimination were unnecessary. The defendant was not under arrest nor in custody of the policeman or other competent authority, nor was he examined for the purpose of eliciting from him incriminatory statements. *Rivera Escuté* v. *Delgado, Warden,* 92 P.R.R. 746 (1965).

■ Clarifying what was meant in *Escobedo* v. *Illinois*, 378 U.S. 478, referring to an investigation which had focused on the accused, the Supreme Court of the United States said in *Miranda* v. *Arizona*, 384 U.S. 436, that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination and that custodial interrogation meant questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action.

In the instant case the defendant was not even asked about the offense of driving a vehicle under the influence of intoxicating liquor with which he was later charged. The decisions on *Escobedo* and *Miranda* are not applicable to the facts of the instant case.

■ Irrespective of whether the defendant has placed this Court in a position to examine and decide his second contention by not sending up the totality of the transcript of evidence, it appears from the record that the admission of the defendant had some corroboration since the persons who were at the place where the vehicle had overturned informed the policeman that its driver was in a nearby business, where he was actually found.

The errors assigned not having been committed, the judgment appealed from will be affirmed.